■ DAVID MINGLE et al., as Parents of RHONDA MINGLE, et al., Respondents, v STEPHEN WOJTOWICZ, JR., Defendant, and NORMAN DISCHNER, Doing Business as PANORA'S PIZZERIA, Appellant. [608 NYS2d 913] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant Norman Dischner, doing business as Panora's Pizzeria (defendant), moved for summary judgment based on a prior self-executing conditional order precluding plaintiffs from giving evidence at trial concerning items demanded in a bill of particulars. The bill of particulars was not served within the time allowed. Plaintiffs' opposition to the summary judgment motion in effect sought

to vacate the preclusion order and to extend the time to serve their bill of particulars, inasmuch as they asserted that their default was excusable and their cause of action meritorious. Defendant in his reply addressed those arguments, which are considerations in determining whether to vacate a default, but which are irrelevant on a summary judgment motion.

The court granted a conditional order of summary judgment, giving plaintiffs additional time to comply with the demand, in substance treating the opposition to the summary judgment motion as a cross motion to vacate its prior preclusion order.

The court should have denied summary judgment. It did not abuse its discretion, however, in effectively granting plaintiffs' cross motion to vacate the prior order and to extend the time to serve the bill of particulars. We also treat plaintiffs' opposition as a cross motion to vacate the prior conditional preclusion order and affirm that part of the order vacating the prior order and granting plaintiffs additional time. (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.